IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN KEITH MCGILL, ID # 1307919,  )  <br>          Petitioner,             )  <br> vs.                                )    No. 3:06-CV-1705-G (BH)  <br>                                    )    ECF  <br> NATHANIEL QUARTERMAN, Director,    )    Referred to U.S. Magistrate Judge  <br> Texas Department of Criminal       )  <br> Justice, Correctional Institutions Division, )  <br>          Respondent.            )  | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge two Dallas County convictions. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. State Procedural History**

On June 3, 2005, petitioner was convicted for unauthorized use of a motor vehicle and possession with intent to deliver cocaine in Cause Nos. F04-57617-PV and F04-58422-IMV. *See McGill v. State*, No. 05-04-0903-CR, http://www.courtstuff.com/FILES/05/05/05050903.HTM (docket sheet information generated Sept. 13, 2006) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas); *McGill v. State*, No. 05-04-0904-CR, http://www.courtstuff.

com/FILES/05/05/05050904.HTM (docket sheet information generated Sept. 23, 2006) (same).[1]

On August 22, 2006, the court of appeals affirmed petitioner's convictions. *See* State Docket Sheets. Although he has been granted an extension of time to file a petition for discretionary review, petitioner has not yet filed such a petition. *See id.* He has also filed no state habeas application related to the convictions challenged in this action. (*See* Pet. Writ of Habeas Corpus (Pet.) at 2.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented any claim to the Court of Criminal Appeals. He has not yet filed a petition for discretionary review and has filed no state application for writ of habeas corpus. The Court of Criminal Appeals has simply had no opportunity to review the claims raised in the instant federal petition.

---

[1] Because both cases have proceeded through the same procedural channels, the Court will not hereinafter differentiate between the two convictions in its citations. The Court will instead cite to the two internet web pages, as "State Docket Sheets".

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 29th day of September, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
<u>**NOTICE OF RIGHT TO APPEAL/OBJECT**</u>

      The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                           IRMA CARRILLO RAMIREZ
                                                           UNITED STATES MAGISTRATE JUDGE